BENJAMIN B. WAGNER
United States Attorney
ANDREW L. GRADMAN
Special Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:11-cr-00424-DLB |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| v. | ) | PURSUANT TO RULE 11(c) OF THE |
| | ) | FEDERAL RULES OF CRIMINAL |
| AMANDA SULLIVAN, | ) | PROCEDURE |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney ANDREW L. GRADMAN, and defendant, AMANDA SULLIVAN, and her attorney, SAMYA BURNEY, have agreed as follows:

1.  Charges

The defendant acknowledges that she has been charged in this case in a two (2) count information, as follows:

//

//

COUNT 1:   16 U.S.C. § 1538(a)(1)(F), 1540(b)(1) –

Illegal Offer To Sell Endangered Species In Interstate

Commerce

COUNT 2:   [16 U.S.C. § 1538(a)(1)(F), 1540(b)(1) –

Illegal Sale of Endangered Species In Interstate Commerce

2.   <u>Agreements by the Defendant</u>

(a)   The defendant agrees that this Plea Agreement shall be
filed with the Court and become a part of the record of the case.

(b)   The defendant agrees to enter a plea of guilty to Count 1,
Illegal Offer To Sell Endangered Species In Interstate Commerce, in
violation of Title 16, United States Code, Sections 1538(a)(1)(F),
1540(b)(1) (Class A Misdemeanor).

(c)   The defendant understands and agrees that she will not be
allowed to withdraw her plea should the Court fail to follow the
Government's sentencing recommendations.

(d)   The defendant knowingly and voluntarily waives her
Constitutional, statutory and legal rights to appeal her plea,
conviction and sentence.  This waiver of appeal includes, but is not
limited to, an express waiver of the defendant's right to appeal her
plea, conviction and sentence on any ground, including any venue,
statute of limitations, and mental competency issues, and any appeal
right conferred by 18 U.S.C. § 3742.  The defendant further agrees
not to contest her plea, conviction and sentence in any post-
conviction proceeding, including but not limited to a proceeding
under 28 U.S.C. §§ 2255.

(e)   The defendant further acknowledges that her plea of guilty
is voluntary and that no force, threats, promises or representations
have been made to anybody, nor agreement reached, other than those

1  set forth expressly in this Plea Agreement, to induce the defendant
2  to plead guilty.

3     (f)   Defendant agrees to pay a penalty assessment of $25 dollars
4  and serve a term of one (1) year of unsupervised probation, with
5  conditions of probation to include paying a five hundred dollar
6  ($500) fine.

7     (g)   Defendant agrees to forfeit to the United States
8  voluntarily and immediately all of her right, title, and interest to
9  any and all assets seized in connection to the criminal charges and
10 events giving rise to the First Superseding Information filed on
11 February 1, 2012.

12    Those assets include, but are not limited to the following:  One
13 tiger skin offered for sale and/or sold and/or attempted to be sold
14 in interstate commerce.

15    Defendant agrees that the above-listed asset was involved in the
16 commission of the violation giving rise to the Indictment filed on
17 February 1, 2012, and constitutes property subject to forfeiture.

18    Defendant agrees to fully assist the government in the
19 forfeiture of the listed asset and to take whatever steps are
20 necessary to pass clear title to the United States.  Defendant shall
21 not sell, transfer, convey, or otherwise dispose of the above-listed
22 asset.

23    Defendant agrees not to file a claim to any of the seized
24 property in any civil proceeding, administrative or judicial, which
25 may be initiated.  Defendant agrees to waive her right to notice of
26 any forfeiture proceeding involving this property, and agrees to not
27 file a claim or assist others in filing a claim in that forfeiture
28 proceeding.

The defendant waives the notice provisions of Fed. R. Crim. P. 7(c)(2) and 32.2(a), waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution.  The defendant knowingly and voluntarily waives any right to jury trial in any criminal or civil forfeiture proceeding.

(h)   The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(i)   Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from her plea.

3.   Agreements by the Government

(a)   The Government agrees to request that the court dismiss Count 2, Illegal Sale of Endangered Species In Interstate Commerce, in violation of Title 16, United States Code, Sections 1538(a)(1)(F), 1540(b)(1) (Class A Misdemeanor).

(b)   On Count 1, the Government agrees to recommend that the

defendant pay a penalty assessment of $25 dollars and serve a term of one (1) year of unsupervised probation, with conditions of probation to include paying a five hundred dollar ($500) fine.

4.   Nature, Elements and Possible Defenses

The defendant has read the charges against her contained in the Information, and those charges have been fully explained to her by her attorney.   Further, the defendant fully understands the nature and elements of the crime in the Information to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

COUNT ONE:      Illegal Offer To Sell Endangered Species In
                Interstate Commerce (16 U.S.C. §§ 1538(a)(1)(F),
                1540(b)(1))

      First,    The defendant offered to sell.

      Second,   The offer was to sell in interstate commerce.

      Third,    The item to be sold was an endangered species.

5.    Factual Basis

The defendant concedes that she will plead, and is pleading, guilty to the crime set forth in Count One of the information, because she is, in fact, guilty of that offense.   The defendant also agrees that the following are the true and correct facts of this case:

        In or about August 2011, in the Eastern District of California, defendant used a computer to advertise on craigslist.com the sale of a tiger skin.
        Beginning on or about August 24, 2011, and continuing to on or about October 6, 2011, in the Eastern District of California, defendant used email and telephone to offer the sale of a tiger skin to an individual whom she believed to be from Oregon.

6.    Potential Sentence

The following is the maximum potential sentence which the defendant faces:

COUNT ONE:      Illegal Offer To Sell Endangered Species In Interstate Commerce (16 U.S.C. §§ 1538(a)(1)(F), 1540(b)(1))

    (a)   Imprisonment.

        Maximum:  One (1) year.

    (b)   Fine.

        Maximum:  One Hundred Thousand Dollars ($100,000).

    (c)   Both such fine and imprisonment.

    (d)   Penalty Assessment.

        Mandatory:  Twenty five dollars ($25.00).

7.    Waiver of Rights

The defendant understands that by pleading guilty she surrenders certain rights, including the following:

    (a)   If the defendant persisted in a plea of not guilty to the

charges against him, she would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the Government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)  If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  The defendant and her attorney would have a say in who the jurors would be, by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

(c)  If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)  At a trial, whether by a jury or a judge, the Government would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those Government witnesses and her attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.  At trial, the defendant would also

have the right to assistance of legal counsel.  If she could not
afford legal counsel, one would be appointed for her by the Court at
no expense to him.

(e)  At a trial, the defendant would have a privilege against
self-incrimination so that she could decline to testify, and no
inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty she is waiving
all of the rights set forth above, and acknowledges that her attorney
has explained to her those rights and the consequences of her waiver
of those rights.

8.   Questions by Court

The defendant understands that if the Court questions her under
oath, on the record and in the presence of counsel, about the offense
to which she has pleaded guilty, her answers, if false, may later be
used against her in a prosecution for perjury.

9.   Entire Agreement

This plea of guilty is freely and voluntarily made and is not
the result of force or threats, or of any promises apart from those
specifically set forth in this Plea Agreement.  There have been no
representations or promises from anyone as to what sentence the Court
will impose.

//

//

10.  <u>Court not a Party</u>

(a)  It is understood by the parties that the Sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6.  Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the information.

BENJAMIN B. WAGNER
United States Attorney

Dated: 5/18/12          By: _____

ANDREW L. GRADMAN
Special Assistant U.S. Attorney

Dated: 5/17/12          By: _____

AMANDA SULLIVAN
Defendant

Dated: 5/17/12          By: _____

CAMYA BURNEY
*(print name)*
Attorney for Defendant

- 9 -
Memorandum of Plea Agreement